## Case No. 2,507.

### CASTOR v. MITCHEL.

[4 Wash. C. C. 191.][1]

Circuit Court, D. Pennsylvania.   Oct. Term, 1821.

JURISDICTION — DOMICIL — BREACH OF CONTRACT FOR SALE OF LAND—RIGHTS OF VENDEE.

1. As to change of domicil, as respects jurisdiction.

2. If upon a contract of sale, the purchaser pay a part of the purchase money, and give his bond for the balance, and agree to give a mortgage upon the property purchased to secure the payment of the bond, but fails to give it, and the vendor afterwards conveys the property to another person: the court will decree the repayment of the sum paid, and that the bond be delivered up cancelled.

[Cited in Dudley v. Hayward, 11 Fed. 546.]

In equity. The bill states that on the 2d of December, 1816, the defendant, William Mitchel, entered into articles of agreement with the plaintiff [David Castor] and his brother Daniel Castor; by which he bound himself to sell and convey to them, in fee simple, a tract of land in the state of New Jersey, belonging to the estate of his testator, John Mason, deceased, for the sum of $10,900; payable, $2,000 on the 1st of April following; $1,000 on the 1st of April, 1818,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

and the residue in three equal annual instalments, for which a mortgage was to be given on the premises; and a conveyance to be made, and possession to be delivered, on payment of the $2,000. That the plaintiff and the said Daniel Castor gave their bonds to the defendant, for the two sums of $2,000 and $1,000. That on the 10th of April, 1817, the plaintiff paid off the bond for $2,000, out of his own funds, and that a suit is now depending in the state court on the other bond. That the plaintiff was ready and willing to receive a conveyance of the land according to the articles of agreement, and to execute a mortgage for securing the payment of the residue of the purchase money; but that the defendant did not execute a conveyance for the said land, or tender the same. That the defendant, sometime in the autumn of the year 1818, executed a deed for the said land to the aforesaid Daniel Castor, excluding the plaintiff, and took a mortgage upon the same from the said Daniel Castor, to secure the payment of the sum of $7,900, being the balance of the purchase money. That the plaintiff of the said Daniel Castor took possession of the land under the articles of agreement, and that the plaintiff continued to hold the possession jointly with his brother, until the separate conveyance to his brother above mentioned, when he left the premises. The prayer of the bill is, that the defendant do repay the said $2,000, to the plaintiff, and also deliver up the bond for $1,000 to be cancelled.

The answer admits all the charges in the bill, except that the payment of the $2,000 was in separate money of the plaintiff, and that the plaintiff and the said Daniel Castor were ready to receive a conveyance for the land, and to execute a mortgage for securing the balance of the purchase money. As to the first, the answer states that the money was paid under the contract, and in discharge of the joint bond, and calls upon the plaintiff to prove the fact he asserts; if it be material, as to the second matter not admitted, the answer denies that the plaintiff and his brother were ready in April, 1817, or afterwards, to receive a deed, and to give the mortgage; but on the contrary, they evaded the same, though often urged. That in consequence of this neglect, the defendant conveyed the land to Daniel Castor, as stated in the bill. The defendant put in a plea to the jurisdiction, asserting that the plaintiff was a citizen of the state of Pennsylvania. The plea was argued at the last term, and witnesses then examined upon the point, when the court overruled the plea, but without prejudice to the question of jurisdiction being considered upon the evidence then given at the hearing. The plaintiff gave no evidence that was deemed satisfactory to prove that the $2,000 paid by the plaintiff were from his separate funds.

It was contended for the defendant, 1. That the removal of the plaintiff from Penn-

sylvania, whereof from his birth he was a citizen, to the state of New Jersey, was not a bona fide change of domicil; but that he still continued a citizen of this state in relation to the question of jurisdiction. 2. That the plaintiff having altogether failed to perform his part of the agreement by being ready to accept a conveyance, and to execute a mortgage for securing the balance of the purchase money, he has no equity to claim repayment of the $2,000, even if he had proved that it was his separate money, or to call upon the plaintiff to deliver up the bond for the $1,000 to be cancelled.

Mr. Peters, for plaintiff.
C. J. Ingersoll, for defendant.

WASHINGTON, Circuit Justice. Upon the question of jurisdiction, we have no doubt but that the plaintiff removed to the state of New Jersey, with the bona fide intention of changing his domicil, and making that state the place of his permanent residence. Apparently he had no other motive at the time he removed to that state; and as he could not then have anticipated this controversy, it is not to be presumed that he contemplated a fraud upon the jurisdiction of this court. On the contrary, the evidence in the cause furnishes reasons for his removal which are entirely consistent with the reality of a bona fide change of domicil. In December, 1816, he, together with his brother, purchased a farm in New Jersey, and in the month of March following, as soon as the season would well permit, they both removed to it, and continued jointly to occupy and to cultivate the land, until the separate conveyance made by the defendant to Daniel Castor in the autumn of 1818; when the plaintiff, being a single man, removed to the house of Mr. Denny, in Gloucester county, where he remained as a boarder until the latter end of November, 1819. after this suit was brought, when he returned to Philadelphia. During his abode with Denny, he occasionally visited his friends in this state, but his room was always reserved for him. So far as any inference can be made from his declarations to the witnesses, during his residence in New Jersey, he considered himself to be a citizen of that state. We are of opinion, upon the whole, that the objection to the jurisdiction is not supported by the proofs in the cause.

As to the relief, there is no doubt. Taking it as granted, that the plaintiff was not ready to complete the contract, and that he even refused to do so, there is no principle of law, or equity, upon which the plaintiff could found a claim to retain the money paid him by the purchasers, together with the evidence of a further sum to be paid as the consideration of the purchase, and also to hold the land, otherwise than as a security for the residue of the purchase, and still less to sell it to a third person. The defendant had clearly a right to compel the purchasers to perform their contract, by paying the balance of the purchase money; and his lien upon the land was quite as strong as if the mortgage deed had been executed. But, if he chose to put an end to the contract, if under all the circumstances of the case he could do so; the purchasers were surely entitled to be placed in the situation they would have been in if the contract had not been made. Had the defendant sued the purchasers in equity for a specific performance, it would have been an essential part of his case to show that he had made a conveyance, or was ready to do so; and the court would decree a conveyance as the condition of the payment of the residue of the purchase money.

These principles being premised, it follows, that, since the defendant has conveyed the land to Daniel Castor, and thus disqualified himself to perform his part of the contract, the plaintiff ought not to be exposed to the payment of the bond for $1,000, which was given in part consideration for the land. The decree of this court cannot affect the jurisdiction of the court where the suit upon that bond is depending. But it may operate in personam upon the defendant. As to the $2,000 paid by the plaintiff, there is no proof that it was the separate money of the plaintiff. It might as well have been the money of Daniel Castor, or of the joint purchasers, and the presumption is in favour of the latter. This being the case, and Daniel Castor not being a party to this suit, the court cannot decree this sum to be repaid to the plaintiff. We shall therefore decree the bond for $1,000 to be delivered to the plaintiff, cancelled; and shall dismiss the bill as to the $2,000, but without prejudice.